UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20876-CIV-SEITZ/O'SULLIVAN

WILLIAM JORGE CASTILLO,

      Plaintiff,

vs.

ROCHE LABORATORIES INC.

      Defendant
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST, SECOND, THIRD, AND FOURTEENTH AFFIRMATIVE DEFENSES

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's First, Second, Third, and Fourteenth Affirmative Defenses [DE-10]. Plaintiff filed a complaint alleging that Defendant wrongfully terminated his employment as a result of his sexual orientation. Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint [DE-9]. Plaintiff now moves to strike Defendant's first, second, third, and fourteenth affirmative defenses because they fail to provide fair notice of the grounds upon which they rest. In Defendant's Response to Plaintiff's Motion to Strike [DE-15], Defendant agreed to withdraw its Second Affirmative Defense and requested leave to amend it pursuant to Federal Rule of Civil Procedure 15(a). Because Defendant's first, third, and fourteenth affirmative defenses are not pled with sufficient facts to provide fair notice of the defenses being asserted, Plaintiff's Motion to Strike should be granted as to these defenses.

**I.  Background Facts and Procedural History**

Plaintiff filed a Complaint [DE-1] against Defendant, his former employer, alleging three

1

counts: (1) discrimination on the basis of sexual orientation, (2) retaliation, and (3) a violation of the Florida Whistleblower Act. In response, Defendant filed an answer and sixteen affirmative defenses. Because Defendant withdrew its Second Affirmative Defense, the only defenses at issue in the instant case are Defendant's First, Third, and Fourteenth Affirmative Defenses. The First Affirmative Defense states, "Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted." (DE-9, Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint at p. 8, ¶ 1.) The Third Affirmative Defense states, "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations." (Defendant's Answer and Affirmative Defenses at p. 9, ¶ 3.) The Fourteenth Affirmative Defense states, "Plaintiff has failed to reasonably mitigate his damages and any relief should be reduced accordingly." (Defendant's Answer and Affirmative Defenses at p. 9, ¶ 14.) Plaintiff filed its motion to strike because Defendant's First, Third, and Fourteenth Affirmative Defenses do not meet the heightened pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

II.     Discussion

    **A.     The Heightened Pleading Standard Articulated in *Twombly* and *Iqbal* Applies to Affirmative Defenses.**

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement" of the defense. *Voter Verified, Inc. v. Election Sys. &*

*Software*, No. 6:09-cv-1969-Orl-19KRS, 2010 U.S. Dist. LEXIS 63679, at *3-4 (M.D. Fla. June 4, 2010). However, the Supreme Court recently clarified the pleading specificity standard, explaining that "'[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949) (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals . . . supported by mere conclusory statements, will not suffice." *Iqbal*, 129 S. Ct. at 1949. Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

While no Circuit Courts of Appeals have addressed whether this heightened pleading standard applies to affirmative defenses, a majority of lower courts have found that it does. *See Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at *13 (W.D. Va. June 24, 2010) (noting that a majority of courts extend the plausibility pleading standard of *Twombly* and *Iqbal* to defensive pleadings); *see also Barnes v. AT&T Pension Benefit Plan*, No. C 08-04058 MHP, 2010 U.S. Dist. LEXIS 62515, at *10 (N.D. Cal. June 21, 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses"). Specifically, a majority of district courts in Florida have applied this heightened pleading standard to affirmative defenses. *See Torres v. TPUSA, Inc.*, No. 2:08-cv-618-FtM-29DNF, 2009 U.S. Dist. LEXIS 22033, at *2-3 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.*, No. 07-80551, 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must

provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 U.S. Dist. LEXIS 61608, at *9-10 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly*, 550 U.S. at 556 n.3).

The Court recognizes that a minority of lower courts have declined to extend this heightened pleading standard to affirmative defenses. *See McLemore v. Regions Bank*, No. 3:08-cv-0021, 2010 U.S. Dist. LEXIS 25785, at *44 (M.D. Tenn. Mar. 18, 2010) (finding that "*Twombly* and *Iqbal* did not change the pleading standard for affirmative defenses"); *see also Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. August 27, 2008) (noting that "[u]nder federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense . . . . Thus, for example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements"); *see also Sembler Family Partnership No. 41, Ltd. v. Brinker Florida, Inc.*, No. 8:08-cv-1212-T-24 MAP, 2008 WL 5341175, at *4 (M.D. Fla. December 19, 2008) (defense stating that plaintiff's claim for damages is barred because plaintiff failed to undertake appropriate steps to mitigate its damages is sufficient to put plaintiff on notice). However, this Court agrees with the majority's reasoning that "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the

4

defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at *13 (W.D. Va. June 24, 2010). Consequently, Defendant's affirmative defenses must meet the pleading standard set out in *Twombly* and *Iqbal*.

Furthermore, the Court finds Defendant's argument that it is "patently unfair" to "equate a plaintiff's knowledge after years of possible preparation to a defendant's ability in a few short days to know all the relevant facts" without merit in the instant case. First, the purpose of pleading sufficient facts in an affirmative defense "is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case." *Palmer*, 2010 U.S. Dist. LEXIS 63265, at *15. Thus, in addition to increasing litigation costs, "[b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Id.* at 14 (quoting *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 U.S. Dist. LEXIS 48399, at *2-3 (E.D. Mich. 2008) (internal quotation marks omitted)). Consequently, when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial conferences in order to narrow the issues. Therefore, the Court needs some statement of the underlying facts in order to focus the scope of discovery, particularly when a defendant alleges more than nineteen defenses, due to the growing tendency to assert such boilerplate defenses.

Second, Defendant was put on notice (1) that Plaintiff filed Charges of Discrimination with the Equal Opportunity Employment Commission and the Miami-Dade County Equal Opportunity Board ("MDCEOB") on November 10, 2008, (2) that the MDCEOB issued a Dismissal and

Notice of Right to Sue on November 30, 2009, (3) that Plaintiff filed his Complaint on February 26, 2010, and (3) that Plaintiff filed his Notice of Removal on March 22, 2010. Hence, by the time that Defendant filed its Answer and Affirmative Defenses on May 4, 2010, Defendant had ample time to allege sufficient facts to give Plaintiff fair notice of its defenses. Furthermore, whether Defendant had sufficient facts to support its affirmative defenses should have been addressed during the parties' scheduling conference, at which point any agreed amendments or withdrawals of affirmative defenses could have been included in the Scheduling Report required under Rule 16.1 of the Local Rules of the Southern District of Florida. Therefore, this Court finds Defendant's argument unavailing.

### B. Pursuant to the Heightened Pleading Standard Set Forth in *Twombly* and *Iqbal*, Defendant's First, Third, and Fourteenth Affirmative Defenses Fail to Provide Fair Notice to Plaintiff Because They are Insufficiently Pled.

In order to provide fair notice to Plaintiff, Defendant's affirmative defenses must contain sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. However, Defendant's First, Third, and Fourteenth Affirmative Defenses do not meet this standard because they are bare-bones, conclusory statements without *any* factual allegations. The Court will address each of Defendant's affirmative defenses in turn.

*First Affirmative Defense*: *Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.*

This defense is insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint. *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. 2005) (noting that while motions to strike are generally disfavored, "affirmative

defenses are subject to the general pleading requirements of Rule 8(a) . . . and will be stricken if they fail to recite more than bare-bones conclusory allegations"). As such, Defendant's First Affirmative Defense must be stricken with leave to amend to provide the requisite factual particularity.

*Third Affirmative Defense*: *Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.*

This defense does not meet the requisite standard because an affirmative defense simply stating that a plaintiff's claims are barred by the statute of limitations is insufficiently pled. *See Torres*, 2009 U.S. Dist. LEXIS 22033, at *2-3; *Barnes*, U.S. Dist. LEXIS 62515, at *12-13 (noting that with regard to plaintiff's statute of limitations defense, defendant "fails to provide any facts," and instead, merely "alleg[es] that the affirmative defense exists"). As such, Defendant's Third Affirmative Defense must be stricken with leave to amend to provide the requisite factual particularity.

*Fourteenth Affirmative Defense:* *Plaintiff has failed to reasonably mitigate his damages and any relief should be reduced accordingly.*

Defendant's Fourteenth Affirmative Defense is also insufficient because Defendant fails to plead any supporting facts or the elements of the defense that would give Plaintiff "fair notice" of the defense being asserted. *See Barnes*, U.S. Dist. LEXIS 62515, at *12-13 (merely alleging that the affirmative defense exists is not sufficient). As such, Defendant's Fourteenth Affirmative Defense must be stricken with leave to amend to provide the requisite factual particularity.

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED that:

(1) Plaintiff's Motion to Strike Defendant's First, Second, Third, and Fourteenth Affirmative Defenses [DE-10] is GRANTED IN PART.

    (a) Defendant's first, third, and fourteenth defenses are STRICKEN, with leave to amend to provide the requisite factual particularity;

    (b) Defendant's second affirmative defense is withdrawn;

(2) If Defendant intends to amend and re-plead its first, second, third, or fourteenth defenses, it shall do so **no later than August 16, 2010**;

DONE and ORDERED in Chambers in Miami, Florida, this 30th day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record
       Magistrate Judge O'Sullivan