**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-20876-CV-SEITZ/SIMONTON**

**WILLIAM JORGE CASTILLO**

   **Plaintiff,**

**v.**

**ROCHE LABORATORIES, INC.,**

   **Defendant.**

_____/

**ORDER TAXING COSTS**

   Presently pending before the Court is the Bill of Costs and a supporting

Memorandum of Law, filed as a Motion for Bill of Costs, by Defendant Roche

Laboratories, Inc. ("Roche") (DE # 113). Plaintiff William Castillo filed Objections to

Defendant's Bill of Costs (DE # 115), and the Defendant filed a Reply (DE # 117).  Based

upon the consent of the parties (DE # 6), this Motion has been referred to the

undersigned Magistrate Judge for appropriate resolution (DE ## 13, 109).  Based upon a

thorough review of the record, and, for the reasons stated herein, the Defendant's

Motion to Tax Costs is **GRANTED**.

   I.   **BACKGROUND**

   Plaintiff William Jorge Castillo filed this action against Defendant Roche in state

court, claiming violations of Section 11A-26 of the Code of Miami-Dade County, as well

as violations of the Florida Whistleblower Act (DE # 1 at 16-20).  The Complaint alleged

that the Plaintiff was unlawfully terminated based on his sexual orientation (DE # 1 at 1,

16-17) and that this termination constituted an unlawful retaliation against him for

complaining about discrimination he suffered based on his sexual orientation while an

employee of the Defendant (DE # 1 at 1, 18-20).  The Defendant removed the case to this Court, based upon diversity jurisdiction, pursuant to 28 U.S.C. §§ 1441 and 1446 (DE # 1 at 1).  In its Answer, the Defendant denied the material allegations of the Complaint, and raised several affirmative defenses (DE # 20 at 6-10).  Thereafter, the parties conducted discovery, and the Defendant filed a Motion for Summary Judgment (DE # 54), which was granted by the Court (DE # 110).  Following the entry of a Final Judgment in its favor (DE #111), Defendant Roche filed the presently pending Bill of Costs (DE # 113).

II.    **THE BILL OF COSTS**

A.    **The Positions of the Parties**

The Defendant claims that as the prevailing party in this matter, it is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920 (DE # 113-10). The Defendant presently requests costs totaling $25,025.43, which includes:

$350.00 in filing fees;

$1,628.00 in fees to serve summons and subpoenas;

$22,071.73 in printed or electronic transcript fees;[1]

$80.00 in witness fees;

---

[1]The Defendant originally sought $22,707.98 in deposition fees.  Based upon the Plaintiff's objections, however, the Defendant withdrew their request for the cost of the videotape recording of the deposition of witness Jorge Arocha, thus reducing the amount of its costs by $636.25 (DE # 117 at 3).  Although the Plaintiff claimed in his objection to this item that the video recording of Arocha's deposition amounted to $925.70 (DE # 115 at 2), a review of the detailed itemization attached to the Bill of Costs reflects that the Defendant only claimed costs in the amount of $636.25 with respect to the videotape (DE # 113-3 at 2), and thus this is the amount of the reduction included in this Order. The invoice attached to the Plaintiff's Objections (DE # 115, Ex. C), as well as the Bill of Costs (DE # 113-3 at 2, 13), reflects that the cost of the stenographic transcript, rather than the video recording, of this deposition was $925.70.

$795.70 for photocopies; and,

$100.00 for use of an interpretation service

(DE # 113 at 1-2).

The Plaintiff objects to a total of $7,835.29 of these costs.  With respect to the

$22,071.73 in costs requested for transcripts, the Plaintiff objects to $5,037.59 in costs

associated with obtaining video recordings of the following depositions:[2]

(1) $1,703.75 for the video recording of the Plaintiff's
November 9, 2010 deposition (DE # 115, Ex. A at 1);

(2) $1,691.05 for the video recording of Bernard
Simon's (Simon) November 17, 2010 deposition (DE # 115,
Ex. B at 1);

(3) $1,011.25 for the video recording of the Plaintiff's
December 8, 2010 deposition (DE # 115, Ex. D at 1); and,

(4) $631.54 for the video recording of the Plaintiff's
February 23, 2011 deposition (DE # 115, Ex. E at 1).

The Plaintiff also objects to $1,872.00 in costs associated with transcribing audio

recordings of a meeting that took place between the Plaintiff and his supervisors (DE #

115 at 1-3), which stem from two separate audio recordings that cost $1,562.50 and

$309.50 to transcribe (DE # 113-4 at 2).  Adding these costs together, the Plaintiff objects

to $6,909.59 of the $22,071.73 that the Defendant requests in costs for deposition fees.

The Plaintiff claims that these costs were not necessarily obtained for use in the case,

and are therefore not recoverable as fees under 28 U.S.C. § 1920(2) (DE # 115 at 2-3).

The Plaintiff has not objected to the costs associated with filing fees, service of

summons and subpoenas, photocopies, witness fees, and interpretation services.

---

[2]  This amount does not include the objection to the $636.25 cost of the
videotaped deposition of witness Arocha, since the request for that cost was withdrawn.

3

Therefore, those costs, which total $2,953.70, are awarded without further discussion.

B.    Legal Standard

Federal law governs the award of costs in diversity cases. *See generally Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938) (holding that state substantive law and federal procedure govern diversity cases); 10 Charles Alan Wright, et al, *Federal Practice and Procedure* § 2669 (3d ed. 2011) (citing numerous cases holding that federal law governs the determination of costs).  Rule 54(d) of the Federal Rules of Civil Procedure states that prevailing parties are entitled to costs "unless a federal statute, [the federal rules of civil procedure], or a court order provides otherwise."  As a result, "there is a presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  However, any costs awarded by a court pursuant to Rule 54(d) may not exceed the parameters of 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Under 28 U.S.C. § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

If the losing party challenges the requested costs, he has the burden of showing that the costs are not taxable unless "the knowledge regarding the proposed cost is within the

4

exclusive knowledge of the prevailing party." *Monelus v. Tocadrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

### C.   Analysis

#### 1.   Entitlement to Costs

In order to be a prevailing party, one need only "obtain some relief on the merits of his claim." *Buckhannon Bd. and Care Home, Inc., v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 604 (2001). In this case, the Court granted the Defendant's Motion for Summary Judgment (DE # 110). Thus, the Defendant is the prevailing party and is entitled to costs. The Plaintiff does not dispute this contention.

#### 2.   Deposition Fees for Video Recordings

The Defendant requests $22,071.73 in deposition fees (DE # 113 at 1), which, among other deposition fees, includes:

(1) $1,703.75 for the video recording of the Plaintiff's November 9, 2010 deposition (DE # 115, Ex. A at 1);

(2) $1,691.05 for the video recording of Simon's November 17, 2010 deposition (DE # 115, Ex. B at 1);

(3) $1,011.25 for the video recording of the Plaintiff's December 8, 2010 deposition (DE # 115, Ex. D at 1); and,

(4) $631.54 for the video recording of the Plaintiff's February 23, 2011 deposition (DE # 115, Ex. E at 1). Title 28 U.S.C. § 1920(2) authorizes the Court to tax costs associated with depositions as long as the depositions were "necessarily obtained for use in the case." There is no dispute that the depositions at issue were necessarily obtained for use in this case. Rather, the dispute centers on the fact that the Defendant seeks compensation for both the video recordings and the stenographic transcripts of

5

the above depositions.  The Plaintiff asserts that only the stenographic transcript is taxable since the Defendant has not shown why it was necessary to obtain both.

In *Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) the Eleventh Circuit specifically addressed the propriety of awarding costs for both the video tape and stenographic transcript of a deposition.  In holding that it was proper to award costs for both, the Court noted that where a video deposition is taken, the party must also provide a transcript if the video deposition is going to be offered as evidence at trial or upon a dispositive motion. *Id.* at 464 n.5.  Following *Morrison*, courts in this Circuit routinely award the cost of videotaped depositions and stenographic transcripts when the deposition was necessarily obtained for use in the case. *See, e.g., State Farm Fire & Cas. Co., v. King Sports, Inc.*, 2012 WL 246462, No. 10-cv-131, at *1 (N. D. Ga. 2012) (allowing recovery of video and stenographic depositions, noting that witness' behavior gave the prevailing party a "strong reason to suspect that [he] might fail to appear at trial")*; Bianchi v. Migliaccio, LLP*, 2011 WL 379115, No. 09-61164-CIV, at *8 (S.D. Fla. 2011) (holding video and stenographic depositions costs taxable when plaintiff made no contemporaneous objection to the formats of the deposition and did not allege that they were not necessarily obtained for use in the case); *Suppa v. Costa Crociere, S.p.A.*, No. 07-60526-CIV, 2008 WL 462078 at *2 (S.D. Fla. Oct. 17, 2008); *Waste Services, Inc. v. Waste Mgmt. Inc.*, No. 6:05-cv-320-Orl-22DAB, 2007 WL 1174116 (M.D. Fla. Apr. 18, 2007). Courts have declined to award costs for both video recordings and stenographic transcription where the prevailing party has not shown the necessity for both types of recordings.  *See, e.g., Perfect Web. Tech., Inc. v. InfoUSA*, No. 07-80286-CIV, 2009 WL 2407689 (Aug. 4, 2009); *Ferguson v. Bombardier Services Corp.*, No. 8:03-cv-539-T-30MSS, 2007 WL 601921 (M.D. Fla. Feb. 21, 2007).  Since all taxable costs are awarded

6

subject to the requirement that the amounts expended were necessarily incurred, and not obtained merely for the convenience of counsel, it makes sense to impose that requirement with respect to whether recovery is permitted for both video recordings and stenographic transcripts.

The Defendant notes at the outset that, as in *Morrison*, the depositions were noticed to be recorded by both stenographic and nonstenographic means, and there was no objection raised as to the method of recordation (DE # 113-10 at 6).  In addition, the Defendant asserts that both the video recording of Bernard Simon's deposition was necessarily obtained for use in the case because Simon lives outside of the Court's subpoena power, and, that at the time of the deposition, it was unknown whether he would testify at trial (DE # 117 at 1-2).  Simon was a key witness for the defense, and the Defendant claims it was necessary to obtain a video recording of Simon's deposition in order for the jury to have a meaningful opportunity to assess his credibility (DE # 117 at 2).  The Defendant also claims that the video recording of the Plaintiff's deposition was necessary because it would allow the jury to assess the Plaintiff's credibility by analyzing things such as the Plaintiff's facial expressions and body language during his deposition and comparing this to his "in-court demeanor" (DE # 117 at 2-3).  The Defendant claims that the stenographic transcripts of the Plaintiff's and Simon's depositions were necessarily obtained for use in the case because they were used to support the Defendant's Motion for Summary Judgment. *See  U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (DE # 117 at 2).

To the extent that the Plaintiff claims that these videotaped and stenographic depositions are not necessary, the undersigned notes that there is no claim that  Plaintiff objected to the format of these depositions at the time they were taken.  In addition, as

to witness Bernard Simon, the Defendant took Simon's videotaped deposition under a good faith belief that Simon lived beyond this Court's subpoena power, and thus might fail to appear at trial (DE # 117 at 1-2).  This claim of necessity is buttressed by the fact that Simon was the Defendant's <u>former</u> human resource manager responsible for the Defendant's internal investigation into the Plaintiff's discrimination complaints; thus not only was he a critical witness, but he was no longer under any "control" of the Defendant.

In sum, both Simon and the Plaintiff would have been crucial witnesses at trial. The Plaintiff's claims of discrimination based on his sexual orientation were the crux of the case and Simon was the person responsible for the Defendant's investigation into those claims (DE # 117 at 2).  This made their credibility a key issue for the jury, such that videotaped depositions would be necessary to highlight the credibility, or lack thereof, during the trial.  It was also necessary to have a stenographic transcript prepared of these depositions since they were both used in connection with Defendant's Motion for Summary Judgment.  Finally, the undersigned notes that, in conjunction with the Motion for Summary Judgment the District Judge ordered the Defendant to provide the Court with a complete copy of the transcript of the Plaintiff's deposition (DE # 105). The undersigned therefore finds that the video recordings and stenographic transcriptions of these depositions were necessarily obtained for use in the case, and therefore the Defendant is entitled to recover the $5,037.79 associated with obtaining video recordings of these depositions.

### 3.    The Transcript of the Plaintiff's Meeting with His Supervisors

The Defendant also requests costs for the transcripts of the audio recording of

the meeting that the Plaintiff had with his supervisors before he was terminated (DE # 117 at 3).  The Plaintiff objects to taxing the cost associated with these transcripts, claiming they were obtained merely for the Defendant's convenience (*See* DE # 115 at 3).

As previously stated, a deposition is necessarily obtained for use in the case if it is used in support of a prevailing party's motion for summary judgment, even if the depositions were only minimally used in support of the motion or were not crucial to the party's "ultimate success." *W&O*, 213 F.3d at 621.  In addition, 28 U.S.C. § 1920(2) does not distinguish between transcripts of depositions that were created during the course of the litigation and transcripts that were created before the litigation at issue arose, so long as these transcripts were necessarily obtained for use in the case.  For example, in *Washington v. Village of Riverside Illinois, a Municipal Corp.*, 2003 WL 217890000, No. 01-C-7438, at *5 (N.D. Ill. 2003), which dealt with a plaintiff's allegations of excessive force and other constitutional violations that took place during his arrest, the Court taxed costs associated with transcribing a police videotape and a booking videotape because they were used in support of the defendants' Motion for Summary Judgment and because the Court relied on them in granting Summary Judgment.  *Accord Moriarty v. Gluekert Funeral Home, Ltd*, 1999 WL 162792, No. 95-2848-C, at *2 (N.D. Ill. Mar. 11, 1999) (trial transcript of a different proceeding was taxable since it had been used to argue a motion in limine); *Dishman v. Cleary*, 2012 WL 28692, No. 07-5626-C, at *4, *6 (N.D. Ill. Jan. 5, 2012) (in civil case, holding that amounts paid to obtain transcripts from criminal court proceedings were reasonably necessary and taxable as costs, although noting that there was no objection on this basis).

In this case, the Defendant claims the transcripts of this meeting were "necessarily obtained for use in the case" because the Defendant, the Plaintiff, and the

9

Court relied on them extensively in connection with the Defendant's Motion for Summary Judgment (DE # 117 at 3).  Based upon a review of the record, the undersigned concurs, Thus, the Defendant is allowed to recover the $1,872.00 for the costs associated with transcribing the audio recording of the meeting the Plaintiff had with his supervisors before his termination.

III.    <u>CONCLUSION</u>

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Tax Costs (DE # 113) is **GRANTED** and the Defendant is awarded $25,025.43 in costs, which includes (1) $350.00 in filing fees; (2) $1,628.00 in fees to serve summons and subpoenas; (3) $22,071.73 in deposition fees; (4) $80.00 in witness fees; (5) $795.70 for photocopies; and, (6) $100.00 for use of an interpretation service.

**DONE AND ORDERED** in chambers in Miami, Florida on February 6, 2012.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Patricia A. Seitz, United States District Judge
All counsel of record

10